UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GERALD KENNICK,                CASE NO.:

     Plaintiff,

vs.

HALIFAX PLANTATION GOLF, INC,

     Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, **GERALD KENNICK,** states and alleges as follows:

## JURISDICTION AS TO ALL COUNTS

1. This action arises under the provisions of the Federal Equal Employment Opportunities Act, 42 U.S.C. section 2000 e. et. seq. and the Americans with Disabilities Act, 42 U.S.C. section 12101.

2. At all times alleged hereto Plaintiff, GERALD KENNICK, was a resident of the State of Florida.

3. At all times alleged hereto Defendant, HALIFAX PLANTATION GOLF, INC., was a business entity incorporated pursuant to the laws of the State of Florida whose principal location is 3400 Clubhouse Drive, City of Ormond Beach, County of Volusia, State of Foyrida.

4. Prior to filing this action, on or about January, 2020, the Plaintiff filed charges of race discrimination and disability discrimination with the Equal Employment Opportunity Commission pursuant to 42 U.S.C. '2000(e).

5. A Notice of Right to Sue was issued by the Federal Equal Employment Opportunity Commission on or about August 17, 2020, Plaintiff has filed his action within 90 days of receipt of the right to Sue and exhausted all administrative remedies prior to filing this

action. See attached Exhibit A.

## COUNT I RETALIATION

6. Plaintiff, **GERALD KENNICK** was previously employed by the Defendant, HALIFAX PLANTATION GOLF, INC, from on or about July, 2019 until the date of Plaintiff's termination of December 21, 2019.

7. Plaintiff's race is African American and an individual whose status is protected pursuant to the Federal Equal Employment Opportunities Act, 42 U.S.C. section 2000 e- et seq.

8. Plaintiff was last employed by the Defendant in the position of dishwasher for Defendant's restaurant/health club.

9. At the time the Plaintiff was terminated from employment, Defendant gave reasons that Plaintiff and the Defendant were going in a "different direction".

10. Prior to being terminated from employment, Plaintiff complained to Defendant that Defendant had assigned Plaintiff additional job duties which Defendant had not assigned to other similarly situated Caucasian employees as the Plaintiff.

11. Plaintiff additionally complained Defendant did not receive the same assistance in the workplace as Defendant had provided to other similarly situated Caucasian employees.

12. Plaintiff additionally complained that other of Defendant's Caucasian employees indicated they felt intimidated by the Plaintiff due to Plaintiff's size as an African American male.

13. An estimated four (4) days later, Plaintiff was terminated from employment by telephone on Plaintiff's day off from work.

14. At all times alleged hereto, Plaintiff performed Plaintiff's job duties for the Defendant in a successful and satisfactory manner.

15. At the time the Plaintiff was terminated, Defendant was an employer as defined pursuant to the Federal Equal Employment Opportunities Act, 42 U.S.C. section 2000 e- et seq.

16. Plaintiff was a terminated by Defendant from employment in retaliation for Plaintiff objecting that Plaintiff was being treated differently due to Plaintiff's race in violation of the Federal Equal Employment Opportunities Act, 42 U.S.C. section 2000 e- et seq.

17. Plaintiff's termination by the Defendant was willful and intentional.

18. As a result of Plaintiff's termination from employment, Plaintiff suffered lost wages Plaintiff would have earned had Plaintiff remained employed by the Defendant.

19. Plaintiff has additionally suffered mental anguish and humiliation.

20. Plaintiff has retained undersigned counsel to represent Plaintiff in this matter agreed to pay counsel a reasonable fee.

**WHEREFORE**, Plaintiff demands judgment for the following:

21. That the Court award Plaintiff sums for unpaid back wages, and the value of lost benefits.

22. That the Court award Plaintiff damages for mental anguish and humiliation.

23. That the Court award punitive damages based upon Defendant's willful and intentional violation of the Federal Equal Employment Opportunities Act, 42 U.S.C. section 2000 e- et seq.

24. That the Court award Plaintiff reasonable attorney's fees, pursuant to 42 U.S.C. section 2000 e- et seq. and costs of this action.

25. That the Court award such other and further relief as may be just and equitable in the circumstances.

26. Trial by jury.

## COUNT II RACE DISCRIMINATION

27. Plaintiff, **GERALD KENNICK** was previously employed by the Defendant, HALIFAX PLANTATION GOLF, INC., from on or about July, 2019 until the date of Plaintiff's termination of December 21, 2019.

28. Plaintiff is an African American who status is protected pursuant to the Federal Equal Employment Opportunities Act, 42 U.S.C. section 2000 e- et seq.

29. Plaintiff was last employed by the Defendant in the position of dishwasher for Defendant's restaurant/health club.

30. At the time the Plaintiff was terminated from employment, Defendant gave reasons that Plaintiff and the Defendant were going in a "different direction".

31. Prior to being terminated from employment, Defendant had assigned to Plaintiff additional job duties which Defendant had not assigned to other similarly situated Caucasian employees at the Plaintiff.

32. Defendant additionally did not receive assistance in the workplace as Defendant had provided to other similarly situated Caucasian employees.

33. Plaintiff requested assistance from Defendant.

34. Plaintiff's requests were denied, and no actions were taken by Defendant.

35. As a result of Defendant assigning Plaintiff additional job duties and Defendant's failure to provide Plaintiff with additional assistance, Plaintiff's physical condition deteriorated resulting in medical treatment and accrual of medical bills.

36. Defendant's assignment of additional job duties to the Plaintiff, and failure to provide Plaintiff with additional assistance in the workplace were based upon Plaintiff's race in

violation of the Federal equal employment opportunities act, 42 U.S.C. section 2000 e- et seq.

37. As a result, Plaintiff's physical condition deteriorated, and Plaintiff suffered mental anguish and humiliation necessitating medical treatment.

38. If it were not for Defendant treating Plaintiff differently due to Plaintiff's race, Plaintiff's physical condition would not have deteriorated.

39. Defendants treatment of the Plaintiff differently in the workplace was due to Plaintiff's race and was willful and intentional.

40. At all times alleged hereto, defendant was an employer as defined pursuant to the Federal Equal Employment Opportunities Act, 42 U.S.C. section 2000 e- et seq.

41. At all times alleged hereto, Plaintiff performed Plaintiff's job duties for the Defendant in a successful and satisfactory manner.

42. Plaintiff has retained undersigned counsel to represent Plaintiff in this matter agreed to pay counsel a reasonable fee.

**WHEREFORE**, Plaintiff demands judgment for the following:

43. That the Court award Plaintiff sums for Plaintiff's declining health.

44. That the Court award Plaintiff damages for mental anguish and humiliation.

45. That the Court award Plaintiff monies for medical bills accrued as a result of Defendant's unlawful discrimination.

46. That the Court award punitive damages based upon Defendant's willful and intentional violation of the Federal Equal Employment Opportunities Act, 42 U.S.C. section 2000 e- et seq.

47. That the Court award Plaintiff reasonable attorney's fees, pursuant to 42 U.S.C. section 2000 e- et seq. and costs of this action.

48. That the Court award such other and further relief as may be just and equitable in the circumstances.

49. Trial by jury.

## COUNT III AMERICANS WITH DISABILITIES ACT

50. Plaintiff, **GERALD KENNICK** was previously employed by the Defendant, HALIFAX PLANTATION GOLF, INC., from on or about July, 2019 until the date of Plaintiff's termination of December 21, 2019.

51. Plaintiff was last employed by the Defendant in the position of dishwasher for Defendant's restaurant/health club.

52. Prior to being terminated from employment, Plaintiff, due to Plaintiff's medical condition, Plaintiff requested of Defendant that Plaintiff be placed on light duty.

53. Plaintiff additionally requested of Defendant that Plaintiff be provided with additional assistance in the workplace due to Plaintiff's medical conditions.

54. Those requests by the Plaintiff were denied by Defendant and no assistance was provided.

55. Plaintiff was subsequently terminated from employment by Defendant wherein Defendant gave reasons that Plaintiff and Defendant were going in a "different direction".

56. At the time the Plaintiff was terminated from employment by Defendant, Plaintiff was an individual who was disabled or perceived as being disabled as defined pursuant to the Federal Americans with Disabilities Act, 42 U.S.C. section 12101 et seq.

57. At the time the Plaintiff was terminated from employment, Defendant was an employer as

defined pursuant to the Federal Americans with Disabilities Act, 42 U.S.C. section 12101 et seq.

58. Plaintiff was terminated from employment by Defendant as a result of Plaintiff's disability or perceived disability in violation of the Americans with Disabilities Act, 42 U.S.C. section 12101 et seq.

59. At all times alleged hereto, plaintiff performed Plaintiff's job duties for defendant in a successful and satisfactory manner.

60. Defendant's actions in terminating plaintiff from employment were willful and intentional.

61. As a result of Plaintiff's termination from employment, Plaintiff suffered lost wages Plaintiff would have earned had Plaintiff remained employed by Defendant.

62. Plaintiff additionally suffered mental anguish and humiliation.

63. Plaintiff has retained the undersigned counsel to represent Plaintiff in this matter and agreed to pay counsel a reasonable fee.

**WHEREFORE**, Plaintiff demands judgment for the following:

64. That the Court award Plaintiff sums for unpaid back wages, and the value of lost benefits.

65. That the Court award Plaintiff damages for mental anguish and humiliation.

66. That the Court award punitive damages based upon Defendant's willful and intentional violation of the Federal Americans with Disabilities Act, 42 U.S.C. section 12101 et seq.

67. That the Court award Plaintiff reasonable attorney's fees, pursuant to 42 U.S.C. section 2000 e- et seq. and costs of this action.

68. That the Court award such other and further relief as may be just and equitable in the circumstances.

69. Trial by jury.

    Respectfully submitted,   November 16, 2020.

                                              __*/s/ David W. Glasser*__
                                              DAVID W. GLASSER, ESQUIRE
                                              Fla. Bar No. 780022
                                              118 Orange Avenue
                                              Daytona Beach, FL 32114
                                              Telephone: (386) 252-0175
                                              Facsimile: (386) 257-0246
                                              Email: David@dglasserlaw.com
                                              legal@dglasserlaw.com
                                              Attorney for Plaintiff