# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**GERALD KENNICK,**

        **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　**Case No: 6:20-cv-2110-GAP-DCI**

**HALIFAX GOLF CLUB, LLC,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

Now before the undersigned is the remaining portion of Plaintiff's Renewed Motion for Default or in the Alternative Motion for Enlargement of Time to Perfect Service. Doc. 33 (the Motion). In the Motion, Plaintiff moves, for the third time, for entry of Clerk's default against Defendant. *Id*. Upon review, the undersigned finds that the Motion is due to be denied.

On April 20, 2021, Plaintiff filed a return of service in which the process server averred that on March 30, 2021 and April 8, 2021, he served a copy of the summons and complaint on Stephanie Flemming in her capacity as "Assistant General Manager" of Defendant Halifax Golf Club, LLC. Doc. 25. Defendant has not responded to the Complaint. Thus, on June 23, 2021, Plaintiff moved for entry of clerk's default against Defendant. Doc. 27 (the First Motion). That same day, the Court entered an endorsed order denying the First Motion without prejudice because the motion "fail[ed] to state how service upon an assistant general manager of Defendant complie[d] with applicable law concerning service upon a limited liability company." Doc. 28 (citing Fla. Stat. § 48.062).

On June 29, 2021, Plaintiff filed a renewed motion for Clerk's default. Doc. 30 (the Second Motion). Again, Plaintiff failed to state how service upon Defendant's assistant general manager

complies with applicable law concerning service upon a limited liability company. *See id.* Thus,

the Court entered an order denying the Second Motion. Doc. 31. In that order, the Court stated:

> Plaintiff is cautioned that any renewed motion for clerk's default should specifically address the Federal Rule of Civil Procedure—or state statute, as provided for by the Federal Rules—pursuant to which Plaintiff contends Defendant was properly served. Plaintiff should clearly articulate the requirements for proper service under the relevant rule and present both facts and authority supporting his contention that Defendant was properly served.

Doc. 31 at 3. For more than 30 days, Plaintiff took no action.

So, on August 2, 2021, the Court entered an order directing Plaintiff to show cause why

this case should not be dismissed for failure to prosecute[1]; the Court directed Plaintiff to respond

to the order by August 16, 2021. Doc. 32.

Plaintiff did not respond to the order to show cause. Instead, on August 16, 2021, Plaintiff

filed the Motion, in which Plaintiff requests entry of a Clerk's default or, in the alternative, an

extension of time to serve Defendant. Doc. 33. On August 17, 2021, the Court entered an order

denying the Motion to the extent Plaintiff requested an extension of time to perfect service; the

Court referred the remainder of the Motion to the undersigned. Doc 34.

The undersigned finds that Motion is due to be denied. The Motion is a collection of what

appear to be factual assertions and conclusory statements of law. *See* Doc. 33. Plaintiff did not

address any of the concerns raised in the order denying the Second Motion, nor did Plaintiff

comply with that order. In sum, Plaintiff has, for the third time, failed to clearly articulate the

requirements for proper service under a specifically addressed, relevant rule, and failed to present

both facts and legal authority supporting his contention that Defendant was properly served. In

addition, Plaintiff has failed to respond to the order to show cause, and the time for doing so has

---

[1] The undersigned notes that this order to show cause for failure to prosecute is the second such order entered in this case. *See* Doc. 26.

- 2 -

elapsed.  Thus, Plaintiff has not shown "satisfactory cause" in response to the order to show cause, and the Court may dismiss the case.  *See* Local Rule 3.10(a); *see also Gonzalez v. The Pep Boys-Manny, Moe & Jack, Inc.*, No. 6:07CV627ORL31UAM, 2008 WL 151874, at *1, *2 (M.D. Fla. Jan. 15, 2008) (dismissing the case for failure to prosecute in the absence of a response to an order to show cause).

Although Plaintiff has been given ample opportunity to establish that service of process was properly effected, he has failed to do so and has failed to respond to the Court's order to show cause.  Plaintiff's failure to comply with the Court's orders and to establish effective service demonstrate a failure to prosecute his claim.  *See, e.g., Gonzalez* 2008 WL 151874 at *2.

Accordingly, the undersigned respectfully **RECOMMENDS** that:

1. The Motion (Doc. 33) be **DENIED**; and

2. This case be dismissed for failure to prosecute.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on August 19, 2021.

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE