UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GERALD KENNICK,

Plaintiff,

v. Case No: 6:20-cv-2110-GAP-DCI

HALIFAX GOLF CLUB, LLC,

Defendant.

---

ORDER

This case is before the Court on Plaintiff's Renewed Motion for Clerk's Default (Doc. 33). That Motion was referred to the Honorable Daniel C. Irick, who issued a Report and Recommendation (Doc. 36) (the "Report"). The Report recommends denying the motion and dismissing the case for failure to prosecute. Plaintiff Gerald Kennick ("Kennick") filed an objection to the Report (Doc. 37).

**I. Background**

Kennick sued Halifax Golf Club, LLC ("Halifax") under the Federal Equal Employment Opportunities Act and the Americans with Disabilities Act. In short, Kennick, who is African American, alleges that his employment with Halifax was terminated after he complained about his treatment compared to his white coworkers. Kennick claims that this termination was in retaliation for objecting to

this different treatment. He also claims that he was fired for requesting light duty because of a medical condition.

Kennick's original complaint, filed November 16, 2020, sued Halifax Plantation Golf Inc. ("HGPI"). After filing his suit, Kennick attempted to serve HGPI by serving Donna Moch who claimed to be the registered agent of HGPI. *See* Doc. 13. After that attempt, Kennick learned that Halifax—the current defendant—was his actual employer, not HGPI.[1] He then moved to amend his complaint to name the proper defendant. That request was granted (Doc. 18) and Kennick filed his amended complaint (Doc. 17).

Nothing happened for almost two months.[2] On April 20, 2021, Kennick filed a return of service that claims that the Volusia County Sheriff's Office served Stephanie Flemming, an assistant general manager. *See* Doc. 25. After filing that proof of service, Kennick did nothing until the Court ordered him to show cause why this case should not be denied for failure to prosecute. *See* Doc. 26.

Kennick responded to the order to show cause (*see* Doc. 29) and moved for a clerk's default (Doc. 30). Judge Irick denied that motion because it failed to explain

---

[1] Kennick learned this information in an administrative suit filed with the United States Equal Employment Opportunity Commission. Doc. 16 at 1.

[2] During this time, Kennick asked the Court for permission to serve the amended complaint "on or before April 19, 2021," which he admitted was "within ninety . . . days of the filing of the Amended Complaint." Doc. 21. That request was granted. Doc. 24.

how service on Flemming was valid. Doc. 28. That order led Kennick to file his second motion for a clerk's default. *See* Doc. 30. Judge Irick denied this second reason, again because it "fail[ed] to articulate any support or authority for" the proposition that service on Flemming was proper. Doc. 31 at 3. After a month with no activity, the Court ordered Kennick to show cause why this case should not be dismissed for failure to prosecute. *See* Doc. 32.[3] Instead of responding, Kennick then filed a third motion seeking a default judgment (Doc. 33). In response, Judge Irick filed the Report that Kennick now objects to. The Report recommends denying this latest motion because Kennick "has, for the third time, failed to clearly articulate the requirements for proper service under a specifically addressed, relevant rule, and failed to present both facts and legal authority supporting his contention that [Halifax] was properly served." Doc. 36 at 2. It also recommends that the case be dismissed for failure to prosecute. *Id.* at 3. Kennick filed a timely objection to the Report. *See* Doc. 37.

**II. Legal Standard**

In resolving objections to a magistrate judge's recommendation, the district judge must determine *de novo* any part of the magistrate judge's disposition that

[3] Kennick did not respond to this Order to Show Cause. Instead, he moved for an extension of time to file a response after the response's due date. *See* Doc. 35. That request will be denied as moot.

has been properly objected to.[4] Fed. R. Civ. P. 72(b)(3). De novo review requires independent consideration of factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). After conducting a careful and complete review of the findings and recommendations, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

**III. Analysis**

Kennick objects to the Report's conclusion that Kennick failed to establish effective service. The Court therefore reviews that conclusion *de novo.*

Federal Rule of Civil Procedure 4 governs service of process. When a defendant is a limited liability company in the United States, like here, service can be accomplished in several ways. *See* Fed. R. Civ. P. 4(h)(1).

Kennick argues that he served Halifax by "following state law for serving a summons in an action brought in courts of general jurisdiction" in Florida. Fed. R. Civ. P. 4(e)(1). Florida law sets up a multi-step process for serving LLCs like Halifax. First, a plaintiff must attempt to serve the LLC's registered agent. Fla.

[4] Where a litigant does not make specific objections to a magistrate judge's factual findings, those findings are reviewed for clear error. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

Stat. § 48.062(1). If that registered agent "cannot with reasonable diligence be served," a plaintiff may serve "a member of a member-managed limited liability company" or "a manager of a manager-managed limited liability company." *Id.* § 48.062(2). If either a member or a manager is "not available during regular business hours to accept service," the member or manager "may designate an employee of the limited liability company to accept such service." *Id.* § 48.062(2)(c). And "[a]fter one attempt to serve a member, manager, or designated employee has been made, process may be served on the person in charge of the limited liability company during regular business hours." *Id.*

Three other principles guide the Court in determining whether Kennick successfully served Halifax. First, the plaintiff bears the burden to demonstrate that service of process was proper. *Cubellis v. Marriott Int'l, Inc.*, No. 11-14059-CIV, 2012 WL 13134045, *3 (S.D. Fla. Apr. 11, 2012) (citing *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir. 1980)). Second, "Florida law requires strict compliance with all the statutory requirements for service of process." *Mattress One, Inc. v. Sunshop Props., LLC*, 282 So. 3d 1024, 1025 (Fla. 3d DCA 2019). This means that Kennick must have complied with each step required by Florida's service of process statute. And third, "[i]f [a] return [of service] is regular on its face, then the service of process is presumed to be valid." *Morales L. Grp., P.A. v. Rodman*, 305 So. 3d 759, 761 (Fla. 3d DCA 2020). "'Regular on its face' means the

return of service attests to all the information required by the service statute." *Friedman v. Schiano*, 777 F. App'x 324, 331 (11th Cir. 2019).

The return of service here is not regular on its face. It states that the process server served the summons and complaint on March 30, 2021 to Stephanie Flemming, an Assistant General Manager. Doc. 25. The return also says that it was served to Flemming "as the person in charge after at least one attempt to serve the registered agent, a member of a member-managed limited liability company, [or] a manager of a manger-managed limited liability company." *Id.* The return also states that Flemming was served "in the absence of a person designated to accept service" by Halifax. *Id.*

The statements in the return are conclusory. There are no details about any previous service attempts beyond the bare-bones statement that the sheriff made "at least one attempt to serve the registered agent, a member . . . [or] a manager." There are no details about when any earlier service attempts were made. These details are important because they would show that service was attempted on a member or manager "during regular business hours." Fla. Stat. § 48.062(2). And without that fact, the Court cannot confirm that the "one attempt to serve a member, manager, or designated employee has been made." *Id.*[5] The lack of

[5] The return contains no details that Flemming was designated to receive service.

details militates against finding that service was proper. *Skypoint Advisors, LLC v. 3 Amigos Prods. LLC,* No. 18-cv-356, 2018 WL 8369884, at *1 (M.D. Fla. Dec. 27, 2018) (denying motion for default judgment where a review of the return of service could not assure the Court that the defendant was properly served). This return is not regular on its face and does not establish a presumption of valid service.

The now-operative amended complaint was filed on January 27, 2021. Federal Rule of Civil Procedure 4(m) requires a defendant to be served within 90 days after the complaint is filed, unless the plaintiff shows good cause for the failure.[6] Kennick had until April 27, 2021 to serve his complaint. *See* Doc. 24. He has not. Far more than 90 days have now passed. Therefore, this case is due to be dismissed without prejudice. *Natty v. Morgan*, 615 F. App'x 938, 939 (11th Cir. 2015) (affirming dismissal of an action where plaintiff failed to serve defendant within Rule 4(m)'s time limit).

---

[6] Kennick's Motion requests, in the alternative, an extension of time to complete service. *See* Doc. 33 at 3. Under Rule 4(m), "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Kennick does not explain why good cause exists here. And even though the Court has discretion "to extend the time for service of process even in the absence of a showing of good cause," *Horenkamp v. Van Winkle And Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005), Kennick has already received an extension of time to serve. Doc. 24. And he points to no authority that requires the Court to continually give him additional time to serve the defendant. Therefore, this request will be denied.

## IV. Conclusion

For the foregoing reasons, it is **ORDERED** that:

1. The Objection (Doc. 37) to the Report and Recommendation (Doc. 36) is **OVERRULED**. The Report is **CONFIRMED**.
2. The Renewed Motion for Clerk's Default (Doc. 33) is **DENIED**.
3. The Motion for Extension of Time to File (Doc. 35) is **DENIED AS MOOT**.
4. This case is **DISMISSED** without prejudice for failure to prosecute.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 18, 2021.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party